UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY JOSEPH LAZARD** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 14-2860** |
| **MARLIN GUSMAN, et al.** | **SECTION: "G" (4)** |

## ORDER

Before the Court is Plaintiff Gregory Joseph Lazard's ("Plaintiff") "Appeal of Decision for Request of Appoint of Counsel [sic]."[1] Having considered the motion, the record, and the applicable law, the Court will affirm the Magistrate Judge's decision not to appoint counsel on Plaintiff's behalf.

## I. Background

On January 9, 2015, Plaintiff, a state prisoner in Orleans Parish Prison, filed a complaint pursuant to 42 U.S.C. § 1983 against Sheriff Marlin Gusman, Sergeant Gibson, Sergeant Weaver, Major Bonita J. Pittman, Sergeant Fare and Sergeant Steele (collectively "Defendants"), alleging that Defendants have "ignored inmate condition and still fail to reinvigorate the condition of the population."[2] He also alleges that the Orleans Parish Prison "grievance system doesn't comply with the Federal Court."[3]

---

[1] Rec. Doc. 14

[2] Rec. Doc. 5 at 1, 5.

[3] *Id.* at 2–3.

On January 13, 2015, the Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis*.[4] On January 15, 2015, Defendants answered the complaint.[5] On February 10, 2015, the Magistrate Judge conducted a *Spears* hearing with the parties, and Plaintiff provided sworn testimony regarding the nature of his claim.[6]

Following the *Spears* hearing, on February 19, 2015, Plaintiff filed a "Motion for Extension of Time, Request for Appointment of Counsel."[7] Plaintiff requested that the Magistrate Judge grant him a 45 day extension of time "to proceed in this matter."[8] He argued that appointment of counsel would be "a service . . . to the courts and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in just determination."[9] On February 24, 2015, the Magistrate Judge granted Plaintiff a 30 day extension of time to retain a lawyer.[10] The Magistrate Judge did not appoint counsel for Plaintiff, but provided no reasons for this decision.[11]

---

[4] Rec. Doc. 7.

[5] Rec. Doc. 9.

[6] Rec. Doc. 10. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[7] Rec. Doc. 11.

[8] *Id.*

[9] *Id.*

[10] Rec. Doc. 13.

[11] *Id.*

On March 13, 2015, Plaintiff filed the pending "Appeal of Decision for Request of Appoint of Counsel [sic]."[12] Plaintiff asserts that the Magistrate Judge erred in denying his request for appointed counsel because of "the type, complexity of the case and being incarcerated."[13] He argues that he is "not capable of adequately presenting, investigating."[14] He contends that "appointment of counsel will be a service, to the courts, defendant as well, by sharpening the issues, shaping the examination of witnesses, thus shortening the trial and assisting in a just determination."[15] Defendants did not file any response to Plaintiff's appeal.

## II. Standard of Review

With certain exceptions not applicable here, a Magistrate Judge may hear and determine any pretrial matter pending before a district court.[16] When objections are raised to such a ruling, a district court must consider them and "modify or set aside any part of the order that is clearly erroneous or contrary to law."[17] Under this highly deferential standard, the court will reverse only when "on the entire evidence [it] is left with a definite and firm conviction that a mistake has been committed."[18]

---

[12] Rec. Doc. 14

[13] *Id.* at 1.

[14] *Id.*

[15] *Id.*

[16] 28 U.S.C. § 636(b)(1)(A).

[17] Fed. R. Civ. P. 72(a).

[18] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

### III. Law and Analysis

Plaintiff alleges that the Magistrate Judge erred in failing to appoint him counsel. On February 24, 2015, the Magistrate Judge granted Plaintiff an additional thirty days to retain counsel, but did not appoint counsel as requested by Plaintiff.[19]

In *Jackson v. Dallas Police Deptartment*, the Fifth Circuit noted that "[t]here is no automatic right to the appointment of counsel in a section 1983 case."[20] "A district court is not required to appoint counsel unless the case presents 'exceptional circumstances.'"[21] There, the Fifth Circuit held that the district court did not abuse its discretion in denying the plaintiff appointed counsel because the record clearly reflected that the district court considered the four-factor inquiry established by the Fifth Circuit in *Ulmer v. Chancellor*.[22] Under *Ulmer*, a district court should consider the following in ruling on requests for appointed counsel:

(1) the type and complexity of the case;

(2) whether the indigent is capable of adequately presenting his case;

(3) whether the indigent is in a position to investigate adequately the case; and

(4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[23]

---

[19] Rec. Doc. 13.

[20] *Jackson v. Dallas Police Dept.*, 811 F.3d 260, 261 (5th Cir. 1986) (citing *Wright v. Dallas County Sheriff Dept.*, 660 F.2d 623, 625–26 (5th Cir. 1981)).

[21] *Id.* (citing *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982)).

[22] *Id.* at 261–62 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

[23] *Id.* at 262.

A district court should also consider "whether appointed counsel would aid in the efficient and equitable disposition of the case."[24]

Applying the *Ulmer* factors, the Fifth Circuit in *Jackson* found that the plaintiff's case was not exceptional as it involved "issues that have been briefed and analyzed in numerous cases."[25] Moreover, the Court noted that the plaintiff had "done a very credible job in presenting motions and in filing supporting papers on behalf of his case,"[26] and found that the plaintiff could "adequately develop the facts and present his case in any further proceedings."[27] Finally, while it was unclear whether or not the evidence would consist in large part of conflicting testimony, the Fifth Circuit noted that the evidence would consist primarily of official records and other documentary type evidence.[28] Accordingly, the Fifth Circuit affirmed the district court's denial of the motion to appoint counsel, but cautioned that "district courts should make specific findings on each of the *Ulmer* factors rather than deciding the motion in a conclusory manner."[29]

Applying the *Ulmer* factors here, the Court notes that Plaintiff alleges generally that Defendants have "ignored inmate condition" and "fail[ed] to reinvigorate the condition of the population."[30] Plaintiff also asserts that he received inadequate medical care.[31] This case is not

---

[24] *Id.*

[25] *Id.* (citations omitted).

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] Rec. Doc. 5 at 5.

[31] Rec. Doc. 12.

5

exceptional as it involves issues that have been briefed and analyzed in numerous cases.[32] Accordingly, the Court finds that this factor weighs in favor of denying Plaintiff's request to appoint counsel.

As to the second and third factors, the Court finds that Plaintiff has done a credible job in presenting motions and in filing supporting papers on behalf of his case,[33] and it appears that Plaintiff can adequately develop the facts and present his case in any further proceedings. Accordingly, the Court finds that these factors weigh in favor of denying Plaintiff's request to appoint counsel.

As to the final factor, it is unclear at this time whether the evidence would consist in large part of conflicting testimony, but much of the evidence will likely consist of official records and documentary evidence related to the condition of the prison and Plaintiff's medical condition. Accordingly, the Court finds that this factor is neutral.

Under the four-factor inquiry established by the Fifth Circuit in *Ulmer*, the Court finds that this is not an exceptional case entitling Plaintiff to appointment of counsel. Accordingly, the Court affirms the Magistrate Judge's decision not to appoint counsel on Plaintiff's behalf as it was not clearly erroneous or contrary to law.

---

[32] *See, e.g., Bell v. Wolfish*, 441 U.S. 520 (1979); *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir.1997) (en banc); *Lee v. Hennigan*, 98 Fed. App'x 286 (5th Cir. 2004); *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).

[33] *See* Rec. Docs. 12 and 14.

## IV. Conclusion

Based on the foregoing,

**IT IS HEREBY ORDERED** that the Magistrate Judge's decision not to appoint counsel on Plaintiff's behalf is **AFFIRMED.**[34]

**NEW ORLEANS, LOUISIANA**, this ___8th___ day of October, 2015.

*[signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[34] To the extent that the merits of Plaintiff's case remain pending, this matter remains referred to the Magistrate Judge pursuant to Local Rule 73.2.